IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERICK MARC COOLEY,

    Plaintiff,               No. CIV S-05-1569 DFL JFM PS

    vs.

SOLANO COUNTY SHERIFF'S
DEPUTIES C. BRADFORD and
A. ROPER,                     FINDINGS AND RECOMMENDATIONS

    Defendants.
_____/

        Defendants' motion to dismiss came on regularly for hearing February 9, 2006. Plaintiff failed to appear. Erick C. Turner appeared for defendants. Upon review of the motion and the documents in support, upon hearing from counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Plaintiff initiated this action on August 9, 2005. Defendants filed a motion to dismiss on December 19, 2005, to which plaintiff did not timely respond. By order filed January 17, 2006, plaintiff was given additional time in which to file opposition to defendants' motion and was cautioned that failure to file opposition would be deemed as a statement of non-opposition. Plaintiff still has not filed an opposition.

        The Federal Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution. Fed. R. Civ. P. 41(b). Pro se litigants are bound by the rules of procedure,

1

even though pleadings are liberally construed in their favor.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  In determining whether to dismiss for lack of prosecution, generally the court considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.  See, e.g., Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996).  The court may dismiss a case *sua sponte* for lack of prosecution by the plaintiff.  Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990).  *Sua sponte* dismissal requires a "close focus" on consideration of "less drastic alternatives" and whether or not there has been a "warning of imminent dismissal of the case."  Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

In determining that this action will be dismissed, the court has considered all the factors set forth in Al-Torki.  The first two factors on their face favor the imposition of sanctions in this case which has been pending for some time.  Compare Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990).  Regarding the third factor, defendant already has briefed its motion to dismiss, and would be prejudiced by the need for further litigation of this matter despite plaintiff's non-responsiveness.  Moreover, delay itself generally is prejudicial--witness memories fade and evidence becomes stale or undiscoverable.  While the fourth factor favors resolution on the merits, in this case plaintiff has declined to oppose the motion to dismiss and has thus precluded the court's evaluation of the potential merits of such an opposition.  Under these circumstances, the fourth factor is outweighed by the others.

Focusing on the fifth Al-Torki factor and warning regarding imminent dismissal, as required by Oliva, the court in its January 17, 2006 order has advised plaintiff that this action is subject to dismissal, directed plaintiff to file opposition, and granted ample additional time to oppose the pending motion after plaintiff failed to timely oppose defendants' motion to dismiss, all to no avail.  From plaintiff's failure to appear at today's hearing, it appears that plaintiff has

/////

1  abandoned this litigation.  The court therefore concludes there is no suitable alternative less
2  drastic sanction to dismissal.
3              Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed
4  with prejudice.
5              These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
7  days after being served with these findings and recommendations, any party may file written
8  objections with the court and serve a copy on all parties.  Such a document should be captioned
9  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
10 shall be served and filed within ten days after service of the objections.  The parties are advised
11 that failure to file objections within the specified time may waive the right to appeal the District
12 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
13 DATED: February 13, 2006.

UNITED STATES MAGISTRATE JUDGE

/cooley.57