IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERICK MARC COOLEY,[1]

    Plaintiff,

vs.

SOLANO COUNTY SHERIFF'S DEPUTIES C. BRADFORD and A. ROPER, et al.,

    Defendants.
_____/

No. CIV S-05-1569 DFL JFM PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

    Plaintiff is a parolee proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Presently calendared for hearing on August 3, 2006 is defendants' motion to dismiss. Pursuant to Local Rule 78-230(h), the court has determined that the matter will be submitted on the papers without oral argument. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

/////

---

[1] Plaintiff initially filed a complaint with Rashawn Green, the driver of the vehicle, but Green's claims were severed from the instant action and opened as a separate civil rights action. CIV S-05-1748 DFL JFM PS.

This matter is before the court on defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendants Bradford and Roper seek dismissal on the ground that the allegations against each of them are too vague and conclusory to support relief in this civil rights action. Defendants also contend they are entitled to qualified immunity.

Plaintiff's complaint, filed August 9, 2005, alleges the following. On June 14, 2005 and on March 18, 2005, following traffic stops where plaintiff turned over his driver's license, defendants Bradford and Roper, respectively, returned to their cars and, following contact with radio dispatch, learned that plaintiff's license was valid, with no outstanding warrants, but that plaintiff was on parole from the State of California. Both deputies informed plaintiff they would perform a parole search of plaintiff's person. Plaintiff objected to Deputy Bradford stating he would not consent to the parole search because "she did not have a reasonable suspicion that he committed or was about to commit a crime." Id. Despite his objection, Deputy Bradford searched plaintiff, but found nothing. Plaintiff did not object to the search by Deputy Roper; Deputy Roper searched plaintiff, but found nothing.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

On June 19, 2006, the United States Supreme Court held that the suspicionless search of a California parolee did not violate the Fourth Amendment. Samson v. California, ____ U.S. ____, 126 S.Ct. 2193 (2006). The Court noted that "A California inmate may serve

1  his parole period either in physical custody, or elect to complete his sentence out of physical
2  custody and subject to certain conditions." Id., 126 S.Ct. at 2199, citing Cal. Penal Code
3  § 3060.5 (West 2000).  The Court surveyed the restrictions placed on California's parolees and
4  found that the "extent and reach of these conditions clearly demonstrate that parolees like
5  petitioner have severely diminished expectations of privacy by virtue of their status alone."
6  Samson, 126 S.Ct. at 2199.  The Court stated:

> Examining the totality of the circumstances pertaining to petitioner's status as a parolee, "an established variation on imprisonment," Morrissey [v. Brewer, 408 U.S. 471, 477 (1972)], including the plain terms of the parole search condition, [the court] conclude[s] that petitioner did not have an expectation of privacy that society would recognize as legitimate.

11  Samson, 126 S.Ct. at 2199.
12         Plaintiff concedes in his complaint that he was "on parole under the jurisdiction of
13  the California Department of Corrections." (Complaint at 3.)  Pursuant to Samson plaintiff's
14  complaint fails to state a claim upon which relief may be granted, and defendants' motion to
15  dismiss should be granted.
16         In accordance with the above, IT IS HEREBY ORDERED that the August 3,
17  2006 hearing is vacated.
18         IT IS HEREBY RECOMMENDED that:
19         1. Defendant Bradford's December 19, 2005 motion to dismiss be granted;
20         2. Defendant Roper's June 19, 2006 motion to dismiss be granted; and
21         3. Plaintiff's complaint be dismissed.
22         These findings and recommendations are submitted to the United States District
23  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
24  days after being served with these findings and recommendations, any party may file written
25  objections with the court and serve a copy on all parties.  Such a document should be captioned
26  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

1  failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED:  July 26, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

7  001; cool1569.mtd

4